UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK NALI,  Case No.1:06-CV-721

    Plaintiff,  Hon. Richard Alan Enslen

v.

STEPHEN DeBOER, *et al*.,

**JUDGMENT**

    Defendants.       /

This matter is before the Court on Plaintiff Frank Nali's Objection to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation ("Report") of October 31, 2006, which recommends dismissing Plaintiff's Complaint for failure to state a claim. This Court reviews the Report, Plaintiff's Objection, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

Plaintiff objects to the Magistrate Judge's reliance on *Sweeton v. Brown*, 27 F.3d 1162 (6th Cir. 1994) (en banc). Plaintiff argues that because he is not seeking review of the parole board's decision, but the process and methods that Defendants used, then his claim is cognizable under 42 U.S.C. §1983. However, Plaintiff misconstrues the Report's analysis of his claims. As noted in footnote 3 of the Report, Plaintiff's claims are not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) because his success would not necessarily demonstrate the invalidity of his continued confinement. Rather, Plaintiff's claim is not valid under section 1983 because the Michigan parole system does not create a liberty interest in parole. *Sweeton*, 27 F.3d at 1164-65. Plaintiff's claim that *Sweeton* is no longer good or binding law is not supported by the Sixth Circuit's continued reliance upon it and the lack of any case which overrules it. *See Caldwell v. McNutt*, 158 Fed. App. 739, 740 (6th

Cir. 2006); *Ward v. Stegall*, 93 Fed. App. 805, 806-07 (6th Cir. 2004); *Bullock v. McGinnis*., 5 Fed. App. 340 (6th Cir. 2001); *Turnboe v. Stegall*, 2000 WL 1679478 (6th Cir. Nov. 1, 2000).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Frank Nali's Objection (Dkt. No. 14) is **DENIED** and the Report and Recommendation (Dkt. No. 13) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that dismissal of this action shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Court certifies that an appeal from this action would not be in good faith pursuant to 28 U.S.C. § 1915(a)(3).

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
December 11, 2006  RICHARD ALAN ENSLEN
  SENIOR UNITED STATES DISTRICT JUDGE